# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| | |
|---|---|
| THE STATE OF ARKANSAS, *EX.REL.*, LESLIE RUTLEDGE, ATTORNEY GENERAL<br><br>*PLAINTIFFS*,<br><br>v.<br><br>ELI LILLY AND COMPANY; NOVO NORDISK INC.; SANOFI AVENTIS U.S. LLC; EVERNORTH HEALTH, INC. (FORMERLY EXPRESS SCRIPTS HOLDING COMPANY); EXPRESS SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI MAIL PHARMACY SERVICES, INC.; EXPRESS SCRIPTS PHARMACY, INC.; MEDCO HEALTH SOLUTIONS, INC.; CVS HEALTH CORPORATION; CVS PHARMACY, INC.; CAREMARK RX, LLC; CAREMARK PCS HEALTH, LLC; CAREMARK, LLC; UNITEDHEALTH GROUP, INC.; OPTUM, INC.; OPTUMRX, INC.; OPTUMRX HOLDINGS, LLC; AND OPTUMINSIGHT, INC.<br><br>*DEFENDANTS*. | Case No. 4:22-cv-549-JM<br><br>**ORAL ARGUMENT REQUESTED** |

**CVS HEALTH CORPORATION'S MEMORANDUM SUPPORTING ITS
RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## INTRODUCTION

The PBM Defendants' separate Rule 12(b)(6) motion to dismiss the State's First Amended Complaint against CVS Health Corporation; CVS Pharmacy, Inc.; Caremark, L.L.C.; Caremark Rx, L.L.C.; and CaremarkPCS Health, L.L.C. establishes there are no plausible or particularized factual allegations supporting those claims. The State's claims against CVS Health Corporation ("CVS Health")—which is sued only in its capacity as the parent of PBM Caremark Rx, LLC—also fail because there are no factual allegations establishing that the Court has personal jurisdiction over it. Fed. R. Civ. P. 12(b)(2).[1]

The State alleges that CVS Health's headquarters and principal place of business are outside of Arkansas (Am. Compl. ¶ 84), so it is not "at home" or subject to general jurisdiction in the State. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). There are likewise no allegations establishing specific jurisdiction. The State offers no factual allegations sufficient to establish that CVS Health has suit-related contacts creating the required "substantial connection" with the State. *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *see also Morningside Church, Inc. v. Rutledge*, 9 F.4th 615, 620 (8th Cir. 2021). Indeed, the State does not allege that CVS Health has a registered agent in Arkansas, was served here, or entered into any contracts with the State. The allegations about CVS Health focus mainly on its status as a corporate parent (*see, e.g.*, Am. Compl. ¶ 111), which is insufficient to subject it to specific personal jurisdiction. *See, e.g.*, *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 649 (8th Cir. 2003) (internal citation omitted) ("A parent corporation is not liable for the debts of its subsidiary merely because the parent holds the controlling interest or because the two are managed by the same

---

[1] Under the Arkansas long-arm statute, Ark. Code. Ann. § 16-4-101, Arkansas courts can exercise personal jurisdiction to the extent allowed by the Fourteenth Amendment's Due Process Clause. *Lawson v. Simmons Sporting Goods, Inc.*, 2019 Ark. 84, ¶ 6, 569 S.W.3d 865, 869. Accordingly, this memorandum will focus on the federal constitutional analysis.

officers"); *Royal v. Mo. & N. Ark. R.R. Co.*, 2016 U.S. Dist. LEXIS 109071, *8 (W.D. Ark., Aug. 17, 2016) (*citing Epps* 327 F.3d at 650) ("Mere ownership of a resident company is insufficient to subject the parent to jurisdiction."). Otherwise, the State tries to confuse CVS Health with the actual PBM, Caremark Rx, LLC (Am. Compl. ¶¶ 87 n.4), which is insufficient to confer specific jurisdiction over these defendants here.

At bottom, the State tries to gin up specific jurisdiction by defining CVS Health, together with four other companies, as "CVS Caremark." *See* Am. Compl. ¶ 112 ("Collectively, Defendants CVS Health, CVS Pharmacy, Caremark Rx, LLC, Caremark, LLC, and CaremarkPCS Health, LLC, including all predecessor and successor entities are referred to as 'CVS Caremark.'"). The law, however, mandates that a plaintiff must allege facts showing that *each* defendant has the required *suit-related* contacts with Arkansas, which the State does not do. The State's improper attempt to define all five entities as "CVS Caremark" also fails because the State alleges it is suing "CVS Caremark" "in its capacities as a PBM, and retail and mail order pharmacy." *Id.* at ¶ 113. But the State fails to allege that CVS Health provides any of those services—in Arkansas or elsewhere.

## STANDARD OF REVIEW

The State bears the burden of establishing personal jurisdiction over CVS Health. *See e.g., Epps*, 327 F.3d at 647. Because Arkansas's long-arm statute extends jurisdiction over nonresidents to the limits of the Due Process Clause, this Court may exercise personal jurisdiction only if doing so comports with due process. *See id.*; Ark. Code Ann. § 16-4-10.

There are two types of jurisdiction—general jurisdiction ("all-purpose" jurisdiction) and specific jurisdiction ("case-linked" jurisdiction). "A court with general jurisdiction may hear any claim against [a] defendant, even if all the incidents underlying the claim occurred in a different

2

State." *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1780 (2017). Specific jurisdiction, in contrast, exists only when "the defendant's suit-related conduct . . . create[s] a substantial connection with the forum State." *Walden*, 571 U.S. at 284; *see also Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021).

The Eighth Circuit applies a five-factor test for "assessing the sufficiency of the defendant's contacts" with the forum state:

> (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum; (3) the relation of the cause of action to these contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

*Morningside Church*, 9 F.4th at 620. The first three factors are "of primary importance, while the fourth and fifth factors carry less weight." *Id.* (internal quotation marks omitted).

## ARGUMENT

This Court lacks jurisdiction over CVS Health, and therefore this Court should dismiss the claims against it. CVS Health is not "at home" in Arkansas, and thus there is no general jurisdiction. Nor does it have sufficient suit-related contacts to create the requisite substantial connection with Arkansas for specific jurisdiction.

**I.      NO GENERAL JURISDICTION EXISTS BECAUSE CVS HEALTH IS NOT "AT HOME" IN ARKANSAS.**

General jurisdiction exists only when a business "is fairly regarded as at home" in a state. *Daimler*, 571 U.S. at 137. A company's "place of incorporation and principal place of business" are generally the only states that satisfy that "at home" requirement. *Daimler*, 571 U.S. at 137; *Royal*, 2016 U.S. Dist. LEXIS 109071, at *7 (citing *Daimler*, 571 U.S. at 139 n.19) ("The Supreme Court has said that it is only in an exceptional case when a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial as to render the

3

corporation at home in that state."); *Valley View Agri, LLC v. Producers Coop. Oil Mill*, 2015 U.S. Dist. LEXIS 144956, *10–11 (E.D. Ark. Oct. 26, 2015) ("It is . . . incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.") (internal quotation marks and citation omitted).

CVS Health does not have its place of incorporation or principal place of business in Arkansas. By the State's own allegations, CVS Health is organized under Delaware law and has its principal place of business in Rhode Island. *See* Am. Compl. ¶ 84. Further, CVS Health has no assets, income, employees, facilities, or offices in Arkansas, and none of its limited business functions occur there. *See* Declaration of Thomas S. Moffatt in Support of Defendants' Motion to Dismiss ¶ 5 ("Moffatt Decl."). The State vaguely alleges that CVS "transacts business" in Arkansas (*id.* ¶ 84), but that allegation does not establish general jurisdiction. Indeed, the Supreme Court has rejected the assertion of general jurisdiction over a corporation even based on a "substantial, continuous, and systematic course of business." *Daimler*, 571 U.S. at 137–38.

## II.   NO SPECIFIC JURISDICTION EXISTS BECAUSE CVS HEALTH LACKS SUFFICIENT CONTACTS WITH ARKANSAS.

Specific jurisdiction also does not exist over CVS Health. Without general jurisdiction, courts exercise specific personal jurisdiction only when "the defendant's suit-related conduct . . . create[s] a substantial connection with the forum State." *Walden*, 571 U.S. at 284; *see also Morningside Church*, 9 F.4th at 620 (the "proper question" for personal jurisdiction "is not where the plaintiff experienced a particular [alleged] injury but whether the defendant's conduct connects him to the forum in a meaningful way" (quoting *Walden*)).

The State does not allege sufficient suit-related conduct to establish a "substantial connection" between CVS Health and Arkansas. Nor could it. CVS Health is merely a holding company that issues stock, files reports with the Security and Exchange Commission, and executes

4

"limited" related functions; it has no operations unrelated to its functions as a holding company. Moffatt Decl. ¶¶ 4–5. Further, it has no business operations in Arkansas. *Id*. at ¶¶ 4–6.

At the outset, the State's limited mentions of CVS Health appear mostly in allegations about its status as a corporate parent of the PBM entity, Caremark Rx, LLC. *See* Am. Compl. ¶¶ 102, 111. But a parent-subsidiary affiliation alone is not enough to support specific personal jurisdiction. *See, e.g.*, C*annon Manufacturing Co. v. Cudahy Packing Co.*, 267 U.S. 333, (1925); *Anderson v. Dassuault Aviation*, 361 F.3d 449, 452 (8th Cir. 2004); *Lyons v. Philip Morris Inc.*, 225 F.3d 909, 915 (8th Cir. 2000); *Royal.*, 2016 U.S. Dist. LEXIS 109071, at *8 (citing *Epps*, 327 F.3d at 650). The State's strained attempts to rope CVS Health into the allegations of the Amended Complaint fail, and just show that it lacks the necessary contacts with Arkansas. Applying the Eighth Circuit's test confirms as much, given that the nature, quality, and quantity of CVS Health's alleged contacts with the forum state here are lacking.

**Paragraphs 84-85 and 93-96:** The State includes allegations about CVS Health's places of business and organization, which are not in Arkansas.

**Paragraphs 86 and 94:** The State alleges in conclusory fashion that CVS Health "through its executives and employees" are "directly involved" in the alleged pricing scheme. But the State does not describe any alleged involvement of CVS Health with any specificity. That bald allegation, without more, does not and cannot provide the connection to the forum that is required under Arkansas law for specific jurisdiction. *See Johnson v. Woodcock*, 444 F.3d 953, 956 (8th Cir. 2006) (holding that "conclusory allegations do not satisfy [the plaintiff's] burden to establish a prima facie case of specific jurisdiction"); *Wesson v. Lamb AB,* 2018 U.S. Dist. LEXIS 243939, at *2 (W.D. Ark, June 18, 2018) ("When conclusory allegations in a complaint are contested and a

5

plaintiff supplies no factual foundation, the complaint's conclusory allegations are insufficient to confer personal jurisdiction over a nonresident defendant.").

To the extent the State is trying to use these allegations to pierce the corporate veil, they are insufficient. "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (internal quotation marks and citation omitted). The State's allegations do not show that CVS Health is an alter ego of any other entity. *See Epps*, 327 F.3d at 650; *Wesson*, 2018 U.S. Dist. LEXIS 243939, at *16–18; *Home Ins. Co. v. Crawford*, 846 S.W.2.d 889 (Ark. 1972) ("Even those corporations with identical officers, stockholders and managers and with the same post office address are separate legal entities, and liability of one for the acts of the other must be predicated upon other facts, and the fact that such corporations have mutual dealings is not sufficient [to disregard corporate identity].").

Under Arkansas Law, "it is only when the privilege of transacting business in corporate form has been illegally abused to the injury of a third person that the corporate entities should be disregarded." *Epps*, 327 F.3d at 649. Here, the State's Amended Complaint does not allege any illegal abuse of corporate formalities. At most here, the State alleges "interlocking directorships and shared executives" of certain entities. *See* Am. Compl. ¶ 111. But summary allegations like these do not establish a prima facie showing of any alter-ego relationship. *See Johnson*, F.3d 953 at 956; *see also Collins v. Bentley Indus., LLC*, No. CV 09-6090, 2010 WL 11627640, at *2 (W.D. Ark. Feb. 17, 2010) (explaining that the plaintiffs' conclusory allegations "fail[ed] to provide a link between the activities alleged against the corporate entities and the alleged disregard that [the

6

defendants] showed for the corporate form" and thus holding that the court lacked personal jurisdiction).

**Paragraphs 87-89:** The State further alleges that "CVS Health" has made various public filings and statements regarding the PBM business, but the State glosses over how "CVS Health" is defined in those contexts. For example, in the public filings the State references, CVS Health is specifically defined to include all its "subsidiaries." *See, e.g.*, CVS Health Corporation, Form 10-K (dated Feb. 9, 2017) at 3, available at https://www.sec.gov/Archives/edgar/data/64803/000006480317000006/cvs-20161231x10k.htm.

**Paragraphs 90-92:** Lastly, the State vaguely asserts that CVS Health executives "participated in" certain "executive exchange meetings" with Novo Nordisk and Eli Lilly. The State, however, does not allege that any of these meetings occurred in Arkansas, nor does the State attempt to allege any actual facts about what occurred during them. The State's speculative and hedged claim that they "appear to have included discussions" about the alleged scheme does not pass muster for specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (holding that "a relationship among the defendant, the forum, and the litigation is the essential foundation of" specific jurisdiction (quotation omitted)); *Whaley v. Esebag*, 946 F.3d 447, 451 (8th Cir. 2020) ("[T]he relationship must arise out of contacts that the defendant himself created with the forum state." (quotation omitted)); *Johnson*, F.3d 953 at 956.

## CONCLUSION

For the foregoing reasons, CVS Health respectfully requests that the Court dismiss the Complaint against it for lack of personal jurisdiction.

Dated: September 22, 2022									Respectfully submitted,

Enu Mainigi (admitted *pro hac*)
Craig Singer (admitted *pro hac vice*)
R. Kennon Poteat III (admitted *pro hac vice*)
Daniel Dockery (admitted *pro hac vice*)
Atticus W. DeProspo (admitted *pro hac* vice)
**WILLIAMS AND CONNOLLY LLP**
680 Maine Avenue SW
Washington, DC 20024
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
csinger@wc.com
kpoteat@wc.com
ddockery@wc.com
adeprospo@wc.com

-and-

J. Carter Fairley, #99068
D. Reece Owens, #2017183
Barber Law Firm PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, Arkansas 72201
cfairley@barberlawfirm.com
rowens@barberlawfirm.com

*Attorneys for CVS Health Corporation*